UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONNIE DEION HUNTLEY,

              Plaintiff,

    v.

COWLITZ COUNTY POLICE
DEPARTMENT and COWLITZ
COUNTY JAIL,

              Defendants.

CASE NO. 3:18-cv-05608-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Ronnie Deion Huntley, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. He alleges he was denied the right to a fair trial when jail staff wrongly told newssources that he had been arrested for homicide, thereby outraging his peers such that he could not enjoy an unbiased jury. However, his named defendants cannot be held liable pursuant to § 1983 and a decision in his favor would necessarily imply the invalidity of his underlying conviction. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 1

plaintiff leave to file an amended pleading by September 28, 2018, to cure the deficiencies identified herein.

In addition, because it is unclear whether plaintiff will be able to cure the deficiencies identified herein, the Court declines to rule on his application to proceed *in forma pauperis* (Dkt. 2) until plaintiff has filed his amended complaint.

**BACKGROUND**

Plaintiff initially filed this case in the Eastern District of Washington in May of 2018. Dkt. 1. However, the Eastern District determined that all the defendants resided in the Western District of Washington, and so transferred the case to this Court. Dkts. 7, 8. In his complaint, plaintiff alleges that he was arrested for unlawful imprisonment, but somebody at the Cowlitz County Jail told newssources he had been arrested for three counts of homicide. Dkt. 1, p. 5. He alleges that this "defamation" caused both him and his family to receive threats and, ultimately, the community was poisoned against him such that he could not receive a fair trial. *Id*.

**DISCUSSION**

**I.** *Heck v. Humphrey* **Bar**

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The § 1983 action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To obtain federal

judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, plaintiff stated his "right to a fair impartial trial without prejudice" was violated because of the alleged actions taken by defendants. Dkt. 1, p. 5. However, a finding that his right to an impartial jury was denied would necessarily invalidate his underlying conviction because a conviction by a biased jury is unconstitutional. A § 1983 claim is not the appropriate vehicle to challenge the validity of a conviction. Rather, plaintiff must first exhaust his state court remedies and, if the state courts deny him relief, have his conviction invalidated through a petition for a writ of habeas corpus. Because there is no indication plaintiff has invalidated his conviction, a decision in plaintiff's favor would necessarily imply the invalidity of the underlying conviction and is therefore improper. Plaintiff has thus failed to state a claim on which relief can be granted. As such, the Court declines to serve plaintiff's complaint.

**II.     Improper Defendants**

Additionally, 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, courts have held that to bring an appropriate § 1983 action, plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central*

*County Jail*, 2017 WL 4960221 at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D. Wash. 2006).

Further, a county may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, plaintiff must show that county employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

Here, plaintiff has only named the Cowlitz County Police Department and Cowlitz County Jail as defendants in his action. However, because these are departments within the county, and not the county itself, plaintiff has not named a "person" for purposes of § 1983. To state a claim for relief under § 1983, plaintiff must name Cowlitz County itself, and must show how the policies and practices of Cowlitz County were the driving force behind his alleged violation. As such, he has not yet stated a claim for which relief can be granted and the Court declines to serve his complaint.

**III.     Personal Participation**

Finally, plaintiff alleges somebody at the Cowlitz County Jail improperly told newssources that he was arrested for homicide, not the unlawful imprisonment he was actually arrested for. Dkt. 1, p.5. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations

1 | against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has named no individuals who allegedly violated his constitutional rights, nor has he described how they did so. Rather, he has stated simply "the jail reported to the local news . . . that I was really arrested for 3 counts of homicide . . . ." Dkt. 1, p. 5. As such, he has not yet alleged personal participation and so has not yet stated a claim for which relief can be granted. As such, the Court declines to serve his complaint.

**IV.     Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint.

Since success on plaintiff's claims would necessarily invalidate his underlying conviction, plaintiff must first invalidate his conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Failure to do so will bar this Court from hearing plaintiff's § 1983 claims. *Wilkinson*, 544 U.S. at 81-82.

Further, if plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name or names of the person or persons who violated the right*; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff

suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.  An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before September 28, 2018**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Court declines to rule on plaintiff's application to proceed *in forma pauperis* until plaintiff has filed his amended complaint.

1       The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

      Dated this 28th day of August, 2018.

*[signature]*

J. Richard Creatura
United States Magistrate Judge